THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ MANUEL MONSANTO, Defendant and Appellant.

No. CR-67-28.     Decided December 5, 1967.

*Edna Abruña Rodríguez, E. Armstrong Watlington,* and *Enrique Miranda Merced* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Américo Serra, Assistant Solicitor General,* for The People.

PER CURIAM: Appellant was accused of grand larceny and convicted of petit larceny. On appeal he alleges that the trial court erred (1) in not permitting counsel for the defense to confer freely with the witnesses for the defense; and (2) in not holding that the People had to show the parts described by its witnesses and allegedly seized on defendant.

As far as the first error is concerned, this Court expressed itself in the case of *Hoyos Gómez* v. *Superior Court,* 90 P.R.R. 196 (1964), on the right of the defense to examine the witnesses and it established certain rules. The *Hoyos* case dealt with the examination of the witnesses for the prosecution.

The record in the instant case shows that after the two principal witnesses for the prosecution testified the court adjourned on a Friday afternoon until the next Tuesday. It gave the jury the corresponding instructions and warned the witnesses that they were under the obligation to inform the court if any person approached them to talk to them about the testimony to be given at the trial. (Tr. Ev. 50.) The defense asked whether that included the attorney, to which the judge answered that until the witnesses were present again and subject to the orders of the court on Tuesday, if the attorney needed extra time to confer with

them the court would grant him the necessary time, but that now he should admit that they should continue under the court's orders for the sake of the purity of the proceedings. A lengthy dialogue between the judge and the defense followed in which the judge reiterated over and over again to the attorney that he would give him ample opportunity to confer with the witnesses once the court reopened its session.

■ After the presentation of the evidence has commenced in a case and the witnesses of both parties are sworn and subject to the rules of the court, the judge has a very ample discretion to make such rulings as he deems proper concerning the proceeding. We shall not disturb such discretion unless the situation becomes of such an unreasonable or arbitrary nature as to give rise to an unfair and impartial trial. The attorney considered the situation as one of lack of confidence in the relation which should exist between the judge and the attorney. From the record we are certain that that was not the position of the magistrate. From the record we are also convinced that the trial court's order concerning the witnesses during the long recess did not obstruct appellant's defense, nor created an unfair or impartial trial.

■ With respect to the second error assigned we do not agree with appellant. The offense of larceny does not necessarily require the introduction of the stolen object as an ingredient for conviction. In this case there was evidence presented by eyewitnesses in the sense that appellant removed the interior parts of an automobile which had been previously stolen from its owner; he took away those parts in another vehicle and next day he had them in his possession and when he was going to sell them he was caught by the police. Among these parts there were the transmission of the vehicle, the water pump, and the radiator. The owner of the stolen vehicle and of the parts duly identified them in

the presence of the police. The transmission, because it had some special marks and slots which were made to adjust it to his vehicle; the water pump by the color of its paint, and the radiator by certain weldings in specific places. Thus identified the police returned these parts to the owner, who later made use of them.

■ Perhaps it is not the best practice that objects related to the commission of the offense and which can be part of the evidence in the prosecution be returned by the police before the matter is out of court. In those instances in which the return is proper, the same should be made through a judicial order and under such measures as would allow a proper description and identification of the objects, and which do not prejudice the rights of the parties.

■ According to the record before us the stolen parts were duly identified. Their introduction in evidence would have served at most to establish the victim's credibility as to the existence of those special marks which he said the objects had. Taking the evidence as a whole, even without the introduction in evidence of the said stolen objects, it was sufficient, once it was believed by the jury, to support the conviction.

The judgment appealed from will be affirmed.

Mr. Justice Belaval did not participate herein.